IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10946
Summary Calendar

_____


COREY DESHUN WILLIS,

                                        Petitioner-Appellant,

versus

GARY L. JOHNSON, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

                                        Respondent-Appellee.


----------------------

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:95-CV-077-Y

----------------------

December 11, 1996
Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

     Corey Deshun Willis, a Texas prisoner (# 643988), appeals
the district court's denial of his 28 U.S.C. § 2254 petition for
a writ of habeas corpus.  He argues that his guilty plea to a
robbery-by-threats charge was involuntary and that the
prosecution breached his plea agreement, that his attorney was

     [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

ineffective for causing him to plead guilty by telling him that he would receive an early parole date, and that counsel was ineffective in other respects. Willis has failed to show that his guilty plea was not knowingly and voluntarily entered. See James v. Cain, 56 F.3d 662, 666 (5th Cir. 1996). His primary ineffective-assistance claim is meritless because he has not shown that he would have insisted on proceeding to trial in the absence of allegedly erroneous advice concerning his parole eligibility. See Hill v. Lockhart, 474 U.S. 52, 59 (1985). Willis' remaining ineffective assistance claims are waived by entry of a valid guilty plea. Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983), cert. denied, 466 U.S. 906 (1984). Willis is not entitled to appointed counsel on appeal; his motion for appointed counsel is DENIED. See Self v. Blackburn, 751 F.2d 789, 793 & n.19 (5th Cir. 1985). Willis' motion to strike a clerk's office order granting the respondent's unopposed motion to expand the record on appeal by filing a transcript of Willis' plea proceeding is also DENIED.

AFFIRMED.

MOTIONS DENIED.